EL PUEBLO, DEMANDANTE Y APELADO, *v.* MORALES, ACUSADA Y
APELANTE.

Apelación procedente de la Corte de Distrito de Guayama
en causa por infracción de las leyes de rentas internas.

No. 922.—Resuelto en junio 21, 1916.

INFRACCIÓN LEYES RENTAS INTERNAS—RENTAS INTERNAS—MULTA ADMINISTRA-
TIVA—PROCEDIMIENTO JUDICIAL—FACULTAD DISCRECIONAL DEL TESORERO DE
PUERTO RICO.—El artículo 23 de la Ley de Rentas Internas otorga al Teso-
rero de Puerto Rico la facultad de imponer una multa o de denunciar ante
el tribunal correspondiente al culpable, cuya facultad, que es alternativa,
puede ser ejercitada discrecionalmente, pero una vez ejercitada esa discreción
imponiendo una multa debe darse al infractor oportunidad para satisfacerla,
sin que tenga derecho a exigir del Tesorero que en vez de ser sometido a
la acción de los tribunales se le sujete al procedimiento administrativo.

ID.—TRAFICANTES AL POR MENOR—TRAFICANTES AL DETALL.—Según la sección 30
de la Ley de Rentas Internas, como quedó enmendada en 1913, los traficantes
al por menor en licores, vinos y cervezas, están sujetos al pago de licencia,
estimándose comprendidos en la frase "traficantes al detall" todos los
comerciantes, agentes y demás personas que vendan a personas que no
sean traficantes y en cantidades que generalmente se acostumbran vender
para el uso y consumo individual, cualquier artículo cuya venta está sujeta
a impuesto.

SENTENCIA—DENUNCIA—DEFECTOS EN LA SENTENCIA—SUBSANACIÓN DE ÉSTOS
POR LA CORTE SUPREMA.—Para apreciar si una sentencia adolece de defecto
sustancial que la invalide, no debe ser aisladamente considerada, sino en
relación con la denuncia y con las demás actuaciones del récord, para
corregir por ese medio cualquier deficiencia que exista en aquélla; y si la
denuncia muestra materia delictiva, aunque la sentencia no sea técnicamente
buena, el defecto de ésta puede subsanarse por el tribunal de apelación,
usando de la facultad que le confiere el artículo 364 del Código de Enjui-
ciamiento Criminal.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. M. Guzmán Texidor.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del
tribunal.

Ante la Corte Municipal de Salinas fué presentada contra
Narcisa Morales denuncia jurada en 30 de marzo del año
próximo pasado 1915, que dice así:

"Yo, Ramón Renta, Cabo P. I., vecino de Salinas, calle del barrio
Aguirre (Central) número 202, de mayor edad años, formulo denun-

cia contra Narcisa Morales por delito de infracción a la Ley de Rentas Internas de Puerto Rico, cometido de la manera siguiente.: Que en mayo 17 de 1914, hora 10.30 p. m. y en la Central Aguirre de Salinas, P. R., parte del distrito judicial municipal del mismo nombre que es parte de la Corte de Distrito de Guayama, P. 'R., dicha Narcisa Morales, sin tener patente para la venta al detalle de espíritus destilados, vinos y cervezas, ilegal, maliciosa, y fraudulentamente, vendió a Eustaquio Colón, una toma de ron en la cantidad de· cinco centavos, (Marca Ramillete) violando las secciones 17, 18 y 21 de la Ley de Arbitrios de marzo 8 de 1905 como quedó enmendada en marzo 14 de 1907, marzo 9 de 1911 y agosto 9 de 1913 \* \* \*.''

De esa denuncia conoció en grado de apelación mediante celebración de nuevo juicio la Corte de Distrito de Guayama, · la que por el resultado de la prueba practicada y vista la Ley sobre Rentas Internas dictó sentencia en 8 de junio del año citado, por la que declara a la acusada culpable del delito de infracción a la Ley de Rentas Internas y le impone la pena de $100 de multa o en defecto del pago de la multa un día de cárcel por cada dólar que dejare de satisfacer, no debiendo exceder de treinta días la prisión subsidiaria, y las costas.

Esa sentencia ha sido apelada por la acusada para ante esta Corte Suprema, y para sostener el recurso invoca los siguientes motivos legales:

1º. Que la corte cometió error al declarar culpable a la acusada del delito de infracción de la Ley de Rentas Internas sin que apareciera de los autos que antes se le hubiere impuesto por el Tesorero de Puerto Rico una multa administrativa, según estatuye la sección 23 de la Ley de Arbitrios, dándosele al mismo tiempo una oportunidad para el pago de dicha multa.

2º. Que la sentencia dictada es insuficiente porque sólo declara culpable a la acusada del delito de infracción a la Ley de Rentas Internas sin especificar cuál sea ese delito.

El primer motivo del· recurso carece de fundamento.

El artículo 23 de la Ley de Rentas Internas otorga al Tesorero de Puerto Rico la facultad de imponer una multa o de denunciar ante el tribunal correspondiente al culpable de

infracción de la Ley de Rentas Internas o de los Reglamentos dictados para su ejecución, cuya facultad, que es alternativa, puede ser ejercitada discrecionalmente, y una vez ejercitada esa discreción imponiendo una multa, debe darse al culpable oportunidad para satisfacerla, sin que tenga derecho a exigir del Tesorero que en vez de ser sometido a la acción del tribunal correspondiente se le sujete al procedimiento administrativo. En el presente caso se presentó denuncia contra Narcisa Morales, y, por tanto, no la asiste razón legal para exigir que se le exija responsabilidad en el orden administrativo y no en el judicial.

La doctrina que dejamos consignada ha sido ya expuesta en el caso de *El Pueblo* v. *Campos,* 17 D. P. R. 1190.

En cuanto al segundo error apuntado, la objeción es más bien técnica que sustancial.

No debemos examinar la sentencia aisladamente considerada sino en relación con la denuncia y con las demás actuaciones del récord, procurando corregir por ese medio cualquier deficiencia que exista en la sentencia.

En la denuncia que dejamos transcrita se exponen con suficiente claridad y en términos inteligibles para cualquier persona que sepa leer el idioma español, hechos constitutivos de un delito comprendido en la Ley de Rentas Internas y se citan los artículos de dicha ley en que aquellos hechos están comprendidos, lo cual era más que suficiente para que la acusada tuviera conocimiento de los hechos que se le imputaban y pudiera defenderse de los cargos, y decimos más que suficiente, porque entendemos que no es necesario en una denuncia presentada ante una corte municipal especificar la ley que se supone haber sido infringida, sino que basta exponer los hechos constitutivos del delito, estando la denuncia debidamente formulada si esos hechos constituyen una infracción legal punible o son realmente delictivos. *El Pueblo* v. *Falcastro,* 17 D. P. R. 96.

Las secciones 17, 18 y 21 de la Ley de Arbitrios a que se refiere la denuncia dicen así:

"Sección 17.—Ninguna persona se dedicará a negocio alguno o industria de los hasta ahora citados o que más adelante se mencionen en esta ley mientras no haya pagado la licencia en la forma dispuesta más adelante   *   *   *.

"Sección 18.—Toda persona que emprenda o continúe cualquier industria u ocupación sujeta a patente bajo las disposiciones de esta ley, sin proveerse de la correspondiente licencia, o cuya licencia haya sido revocada, será castigada por la primera falta que así cometiere con multa que no baje de $100 ni exceda de $500, o con prisión por no menos de un mes ni más de un año   *   *   *.

"Sección 21.—Toda persona que, por sí o por medio de sus agentes o empleados, venda u ofrezca en venta o exponga a la venta, o tenga en su establecimiento comercial o en cualquier sitio contiguo a éste o en conexión con él, utilícese para vivienda u otro objeto, cualquier artículo sujeto a impuesto por esta ley, con el fin de venderlo, será considerada como traficante y sujeta a todas las disposiciones respectivas de esta ley y de los reglamentos que por virtud de ella dictare el Tesorero de Puerto Rico referentes a traficantes."

Que los traficantes al por menor en licores, vinos y cervezas están sujetos al pago de licencia lo demuestra la sección 30 de la Ley de Rentas Internas, tal como ha quedado enmendada; pues según dicha sección, deben estimarse comprendidos en la frase "traficantes al detall" todos los comerciantes, agentes y demás personas que vendan a personas que no sean traficantes y en cantidades que generalmente se acostumbran vender para el uso y consumo individual, cualquier artículo cuya venta esté sujeta a impuesto según las disposiciones de la ley.

Que los licores, vinos y cervezas están sujetos a impuesto es materia fuera de discusión.

Siendo como es bastante la denuncia por constituir materia delictiva opinamos que aunque la sentencia no sea técnicamente buena no adolece de defecto sustancial interpretada en relación con la denuncia, a la cual indudablemente ha de refe-

rirse, debiendo en su consecuencia estimarse condenada la apelante por los mismos hechos que se le imputan en la denuncia, comprendidos en los artículos de la Ley de Rentas Internas que en ésta se citan, y en el 30 según ha quedado enmendado.

No hay motivo para la revocación de la sentencia por un defecto técnico como el alegado. Ese defecto puede subsanarse por esta Corte Suprema usando de las facultades que le confiere el artículo 364 del Código de Enjuiciamiento Criminal y ajustando por modo expreso la sentencia a la denuncia. *El Pueblo* v. *Alvarez*, 21 D. P. R. 86, y *El Pueblo* v. *Pérez*, (pág. 8.)

La sentencia apelada debe confirmarse pero modificándola en el sentido de que la acusada se entienda declarada culpable y penada por los hechos a que se refiere la denuncia, constitutivos de delito previsto y castigado en las secciones 17, 18, 21 y 30 de la Ley de Rentas Internas de marzo 8, 1905, tal como quedó enmendada por leyes posteriores de marzo 14, 1907, marzo 9, 1911, y marzo 13 y agosto 9, 1913.

> *Confirmada la sentencia apelada, pero modificada en el sentido de que la acusada se entienda declarada culpable y penada por los hechos a que se refiere la denuncia constitutivos de delito previsto y castigado en las secciones 17, 18, 21 y 30 de la Ley de Rentas Internas de marzo 8, 1905, tal como quedó enmendada por leyes posteriores de marzo 14, 1907, marzo 9, 1911 y marzo 13 y agosto 9, 1913.*

Jueces concurrentes Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.